IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACY ANN S., | ) |
|     Plaintiff, | ) No. 20 C 5561 |
| v. | ) Magistrate Judge M. David Weisman |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Stacy Ann S. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Acting Commissioner's decision.

### Background

On May 30, 2015, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 15-21, 96, 109.) Plaintiff appealed to this Court, which remanded the case to SSA. (R. 743-44.) After a second hearing, the ALJ again denied plaintiff's application. (R. 669-67.) The Appeals Council did not assume jurisdiction, leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992)

(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Acting Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from the alleged disability onset date, January 12, 2012, through her date last insured ("DLI"), March 31, 2015. (R. 671.) At step two, the ALJ determined that, through the DLI, plaintiff had the severe impairments of diabetes, obesity, hypertension, a thyroid disorder, peripheral neuropathy, and degenerative disc disease of the lumbar spine. (*Id.*) At step three, the ALJ found

that, through the DLI, plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (R. 672.) At step four, the ALJ found that, through the DLI, plaintiff could not perform any past relevant work but had the RFC to perform light work with certain exceptions. (R. 672-75.) At step five, the ALJ found that, through the DLI, jobs existed in significant numbers in the national economy that plaintiff could have performed, and thus she was not disabled. (R. 676-77.)

Plaintiff argues that the RFC violates SSR 96-8p because it does not "describe the maximum amount of standing, sitting, walking, and arm and leg control operation that Plaintiff could do." (ECF 17 at 4.) The Seventh Circuit has said that "the expression of a claimant's RFC need not be articulated function-by-function; a narrative discussion of a claimant's symptoms and medical source opinions is sufficient." *Knox v. Astrue*, 327 F. App'x 652, 657-58 (7th Cir. 2009) (citing SSR 96-8p). However, the narrative here does not explain why the ALJ rejected the allegations set forth in plaintiff's function report, pain questionnaire, and hearing testimony, that she could not sit or stand for any length of time. (R. 672-74; *see* R. 77, 181, 208-10, 770.) His failure to do so leaves unsupported both the RFC for light work and his determination that there are jobs in the national economy that plaintiff can perform. *See* The Dictionary of Occupational Titles, App'x C, *available at* https://occupationalinfo.org/appendixc_1.html#STRENGTH (last visited Sept. 23, 2021) (directing that a job be classified as light work "(1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible."); (R. 704-05 (vocational expert testifying that, given the

ALJ's hypothetical, which was silent as to standing and sitting, plaintiff could perform certain light work jobs).)

## Conclusion

For the reasons set forth above, the Court reverses the acting Commissioner's decision, denies the Acting Commissioner's motion for summary judgment [22], and pursuant to the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings.

**SO ORDERED.**            **ENTERED:** September 23, 2021

_____
**M. David Weisman**
**United States Magistrate Judge**